**BRANDEIS v. ALLEN, Collector.**

**SAME v. UNITED STATES.**

District Court, D. Nebraska, Omaha Division. July 15, 1927.

Nos. 2082. 2083.

Internal revenue ☞7(8)—Widow's annuity under deceased husband's will, in lieu of statutory rights in estate, held not taxable as "income."

Annuity given to widow by husband's will, in lieu of her statutory rights in his property to which she was entitled as a widow, should be deemed to have been purchased by her relinquishment of her statutory rights, and was not taxable as "income."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

At Law. Actions by Mrs. Arthur D. Brandeis against Arthur B. Allen, Collector,

of the United States, and against the United States. On demurrer to petition. Demurrer overruled, and exception to such ruling allowed.

John L. Kennedy, of Omaha, Neb., for plaintiff.

James C. Kinsler, U. S. Atty., of Omaha, Neb.

WOODROUGH, District Judge. The plaintiff accepted and is in receipt of an annuity given her by the will of her deceased husband, in lieu of the statutory rights in his property to which she was entitled as a widow. Upon protest she has paid an income tax on her annuity receipts from 1920 to 1924, inclusive, which she now sues to recover back. Her claim is that her annuity should be deemed to have been purchased by her relinquishment of her statutory rights as widow, and therefore such annuity is not income.

I am of opinion that the decision of the Circuit Court of Appeals in the Second Circuit in Warner v. Walsh, 15 F.(2d)367, is determinative of the question in favor of the plaintiff. Plaintiff's annuity should be deemed to have been bought and paid for by her relinquishment to the estate of her statutory right as widow, and her annual receipts did not come to her as income, and therefore are not taxable as income.

It is ordered that the demurrer of the government be overruled, to which defendant duly excepts, and the exception is allowed.